## No. 686.—Bernard Drogre v. Charles Moreau and Wife.

In a suit to revive a judgment, it is incumbent on the party claiming to be owner, to establish the existence of the judgment and his ownership thereof. A copy certified from the mortgage office, without showing the loss of the original, is not sufficient to establish the existence of the original judgment.

APPEAL from the Seventh District Court, parish of Avoyelles. *Lewis*, J. *Irion & Overton*, for plaintiff and appellee. *Waddill & Barbin*, for defendant and appellant.

WYLY, J. The defendant, Clarice Goudeau, wife of Charles Moreau, has appealed from a judgment entered by default and made final against her husband and herself, reviving the judgment which they had confessed in June, 1858, in favor of Isaac Levy & Co.

It appears that plaintiff instituted within proper time the necessary proceedings to revive said judgment according to the provisions of the act of the thirtieth April, 1853, alleging that since the rendition of said judgment the said Isaac Levy & Co. transferred the same to Bellocq, Noblom & Co., who, in turn, transferred it to him, and that he is the owner thereof, and it has not been paid.

Copies of the petition for revival and of the citation were served on both the defendants according to law, and in due time the cause was

put at issue by default, which was afterwards made final, reviving the judgment, the defendants having failed to make appearance.

The appellant urges that the petition for revival of the judgment is insufficient, because it does not mention the place of her domicile; it does not allege that the judgment sought to be revived or the indebtness upon which it was based inured to her benefit, and because it does not contain a prayer asking that she be authorized to stand in judgment.

These objections, if of any weight, should have been urged before the joinder of issue. We do not think, however, that averments of that kind are essential in a simple application to revive a judgment. The law simply provides the mode to interrupt the prescription of judgment. It does not require the same allegations and the production of the same evidence upon which the judgment was originally obtained.

The objection, however, that the default was made final without sufficient evidence of the existence of the judgment, and of the owner thereof, claimed by the plaintiff, is made with more effect.

We find in the record that the existence of the judgment was not established by a certified copy of the original, made by the clerk, but by a copy of the judgment as copied into the records of the mortgage office, that it is simply the copy of a copy certified by the recorder.

It should not have been received by the judge without the absence of the best evidence being properly accounted for.

We do not find in the record evidence proving that plaintiff is the transferee or owner of the judgment as alleged by him, but we cannot say he failed to prove his ownership to the satisfaction of the judge, who states that he did; besides, it appears from the note of evidence that some proof of the transfers was offered, as we there find the following entry: "certified copies of transfers of judgment to be furnished."

The authorities in 20 A. 281, and 19 A. 146, relied on by the appellant to maintain her position that a judgment rendered against a married woman, without her being authorized to appear in court, is a nullity, do not apply to this case.

In those cases there was no default, a tacit joinder of issue by both the husband and the wife, but simply the unauthorized appearance and answer of the wife.

The court there very properly held that the unauthorized answer of the wife did not make a legal joinder of issue upon which a judgment may be based.

In this case there was no answer by either the husband or the wife, although both were legally cited.

There was a default entered, which by fiction of law was the appearance and joinder of issue by both the husband and the wife,

the tacit appearance of both implying the authority of the former to the latter. 9 A. 197.

From the face of the record, however, we are not satisfied that the existence of the judgment sought to be revived, and plaintiff's ownership thereof were properly established. We think justice requires that this case should be remanded.

It is therefore ordered and adjudged that the judgment appealed from be avoided and annulled, and it is now ordered that this cause be remanded to the court a qua to be proceeded in according to law.

It is further ordered that plaintiff pay costs of the appeal.